IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

KENDRICK IRVIN,              :
                           :
    Plaintiff,        :
                           :
vs.                    :    CIVIL ACTION 11-0075-M
                           :
MICHAEL J. ASTRUE,     :
Commissioner of Social Security,:
                           :
    Defendant.        :

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*) (Docs. 1, 13). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 21).  Oral argument was waived in this action (Doc. 22).  Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **REVERSED** and that this action be **REMANDED** for further action not inconsistent with the Orders of the Court.

1

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was twenty-nine years old, had less than a high school education (*see* Tr. 51), and had previous work experience as a commercial truck driver (Tr. 51). In claiming benefits, Irvin alleges disability due to chest pain, headaches, and mild mental retardation (Doc. 14 Fact Sheet).

The Plaintiff filed applications for disability benefits and SSI on August 26, 2008 (Tr. 143-49; *see* Tr. 11). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that although Irvin could not return to his past relevant work, there were specific light and sedentary jobs

which he could perform (Tr. 11-25).  Plaintiff requested review
of the hearing decision (Tr. 6-7) by the Appeals Council, but it
was denied (Tr. 1-5).

Plaintiff claims that the opinion of the ALJ is not
supported by substantial evidence.  Specifically, Irvin alleges
that:  (1) The ALJ improperly rejected the opinion of an
examining psychologist; (2) the ALJ erred in finding that he did
not meet the requirements of Listing 12.05C; (3) the ALJ
improperly found that Plaintiff's testimony was not credible;
and (4) the ALJ erred in relying on factually incorrect
testimony from the vocational expert (Doc. 13).  Defendant has
responded to—and denies—these claims (Doc. 17).  The relevant
evidence of record follows.[1]

School records indicate that Plaintiff took the Stanford
Achievement Test (hereinafter *SAT*) in the first and second
grades and measured, generally, below average with some average
scores and, rarely, an above average score (Tr. 345-48).
Plaintiff repeated the second and fourth grades; he was passed
on from the third, fifth, and sixth grades, taking each year
only once, though he, generally had failing grades (Tr. 354).
In the seventh grade, Irvin failed social studies and science

_____

[1]Because of the specific claims raised, it is unnecessary to

and had D's in reading and English; although records indicate
that he was retained, he apparently attended the ninth grade the
next year where there was little, if any, improvement (Tr. 353).
That would appear to have been the last year he attended school.
There was nothing in the school records to indicate that Irvin
had been in a special education curriculum (*see* Tr. 340-54).

On December 2, 2008, Psychologist Donald W. Blanton
examined Irvin and found his thoughts and conversation to be
logical; associations were in tact with no confusion (Tr. 236-
39).  Affect was appropriate, but flat; no psychomotor
retardation was noted.  There was no evidence of hallucinations,
delusion or persecutory-type fears; likewise, there was no
evidence of phobias or obsessive compulsive traits of
significance.  Irvin was alert; insight was limited and judgment
was considered fair.  The Wechsler Adult Intelligence Scale-III
was administered and Plaintiff received a verbal IQ score of 73,
a performance IQ score of 69, and a Full Scale IQ score of 69,
placing him in the mild range of mental retardation.  The
Psychologist's impression was that Irvin suffered from the
following:  pain disorder with anxiety and depression; rule out
dementia with head injury; mild mental retardation; history of

---

summarize all of the evidence.

4

head injury and heart problems by self report; chronic pain; and that he had a GAF of 50.

The ALJ found that Irvin was capable of performing specified light work and sedentary jobs (Tr. 25).  In reaching this decision, the ALJ found that Plaintiff did not meet the requirements of any Listing (Tr. 15-18).  She also found that Plaintiff's testimony was not credible (Tr. 19) and that the opinions and conclusions of Psychologist Blanton were unworthy of "great weight" (Tr. 23).  This concludes the evidence that will be summarized herein.

Plaintiff claims that he meets the requirements for Listing 12.05C.  The introductory notes to Section 12.05 state that "[m]ental retardation refers to a significantly subaverage general intellectual functioning with deficits in adaptive behavior initially manifested during the development period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22."  20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 12.05 (2011).  Subsection C requires "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function."  20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 12.05C (2011).

The Court notes that, on the WAIS-III, Irvin scored performance and full scale IQ scores of 69 (Tr. 239).  Though the ALJ found that these scores "cannot be said to constitute 'significantly' subaverage generally intellectual functioning" (Tr. 16), the scores clearly fall within the range of Listing requirement 12.05C.

The ALJ found that Irvin had the following severe impairments:  non-cardiac chest pain (costochondritis), headaches, and borderline intellectual functioning.  This would seem to satisfy the requirement of "a physical or other mental impairment imposing an additional and significant work-related limitation of function" in Listing 12.05C.

The remaining requirement to satisfy Listing 12.05C is for Plaintiff to prove that he suffered "deficits in adaptive behavior initially manifested during the development period." The Court notes that the ALJ specifically found that "even if deficits in adaptive functioning existed, there is no way to confirm their existence prior to the age of 22" (Tr. 16).

In reviewing the decision, the Court specifically notes the following language from the ALJ:

> The claimant testified that he was in
> special education classes.  However, there
> are no records confirming that fact.  On his

6

> application for benefits, the claimant
> stated that he was not enrolled in special
> education classes (Exhibit 7).  Furthermore,
> he stated that he completed the eleventh
> grade in 1997, when he was 17 years old,
> suggesting that he did not fail any grade.

(Tr. 16).

Irvin's testimony at the evidentiary hearing was as

follows:

> Q.  All right.  Mr. Irvin, you went
> through the eleventh grade.  Is that
> correct?
>
> A.  I think it was between the ninth or
> tenth.  It's one of the three.
>
> Q.  Okay.
>
> A.  I think it was ninth or tenth if
> I'm not mistaken.

(Tr. 51).  The Court acknowledges that a social security form,

both undated and unsigned, states that Plaintiff completed the

11th grade in 1997 (Tr. 200; *see generally* Tr. 194-202); however,

Irvin's testimony at the hearing indicates otherwise.  More

important, though, school records clearly show that Irvin made

it to, at most, the ninth grade and that he failed at least two

grades along the way (*see* Tr. 353-54); the ALJ's list of

exhibits show that this information was available, though it

7

would appear it was not properly considered (Tr. 28; *see generally* Tr. 26-29).

The ALJ also found that "[t]here is no record of childhood IQ testing and elementary level standardized testing reveals both average and subaverage results" (Tr. 16). However, SAT results from April 1988 testing show that twenty-four different content clusters were measured, rated as either below average, average, or above average; on those twenty-four measures, Irvin received sixteen below average marks, seven average marks, and one above average marks (Tr. 346). From that same test, school ability test scores rated Irvin as sixty-six on a one hundred-point scale (*id.*).[2] When the SAT was given again in April 1989, Plaintiff scored twenty-one below average and nine average marks on the content cluster measures; his School Ability test score was sixty-one (Tr. 345). The Court finds that the ALJ's statement that "elementary level standardized testing reveals both average and subaverage results" is not an accurate representation of the actual testing results.

Based on the ALJ's failure to properly consider Irvin's school records, the Court cannot say that the decision is supported by substantial evidence. Though the Court cannot say

---

[2]The Court notes that, for some unexplained reason, SAT scores

that Plaintiff satisfies the requirements of Listing 12.05C, the Court can say that the evidence was not properly considered.

Based on review of the entire record, the Court finds that the Commissioner's decision is not supported by substantial evidence.  Therefore, it is **ORDERED** that the action be **REVERSED** and **REMANDED** to the Social Security Administration for further administrative proceedings consistent with this opinion, to include, at a minimum, a supplemental hearing for the gathering of evidence as to whether or not Plaintiff can demonstrate whether he suffered deficits in adaptive behavior initially manifested during the development period.  Judgment will be entered by separate Order.

DONE this 26th day of September, 2011.


                              s/BERT W. MILLING, JR.
                              UNITED STATES MAGISTRATE JUDGE

---

from another student, Shaken Jackson, appear in the record (Tr. 347).